IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal Action No. 17-75 |
| v. | ) |
| | ) |
| MICHELLE PRICE, | ) |
| | ) |
| Defendant. | ) |

FILED
OCT 25 2017
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**INDICTMENT**

The Grand Jury for the District of Delaware charges that:

**Introduction**

1. At all times material to this Indictment, the defendant, MICHELLE PRICE, was employed by State Senior Care, LLC (dba State Street Assisted Living) ("State Street"), an assisted living facility for senior citizens in Dover, Delaware.

2. At all times material to this Indictment, the defendant was the business office manager for State Street. As the business office manager, the defendant was responsible for collecting rent payments from residents and depositing them into State Street's operating account. The defendant was also responsible for accounting tasks related to resident rent payments. PRICE was not authorized to write checks from State Street's operating account.

3. At all times material to this Indictment, State Street maintained another bank account, a PNC Bank checking account ending in #7411 ("PNC #7411 Account"). As part of her duties, PRICE was responsible for monitoring the PNC #7411 Account for accuracy. PRICE was not authorized to write checks from the PNC #7411 Account.

1

## The Scheme and Artifice to Defraud

4.      Beginning in or around November 12, 2015, and continuing up to and including June 20, 2017, in the District of Delaware and elsewhere, the defendant, MICHELLE PRICE, did knowingly devise and intend to devise a scheme and artifice to defraud State Street, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

5.      It was part of the scheme that the defendant deposited residents' rent checks into State Street's PNC #7411 Account instead of State Street's operating account.

6.      It was further part of the scheme that the defendant appropriated funds of State Street to her own use by writing unauthorized checks payable to "Michelle Price" from State Street's PNC #7411 Account. It was further part of the scheme that the defendant deposited unauthorized checks written from State Street's PNC #7411 Account into the defendant's own personal bank account, a checking account at Del-One Federal Credit Union ending in #2302 ("Del-One #2302 Account").

7.      It was further part of the scheme that the defendant failed to disclose that she had appropriated funds of State Street to her own use, and made and caused to be made unauthorized checks from the PNC #7411 account, totaling approximately $215,407, described in Paragraphs 4 through 6 above.

## COUNT ONE – WIRE FRAUD

8.      Paragraphs 1-7 above are incorporated herein by reference.

9.      On or about April 27, 2017, in the District of Delaware and elsewhere, the defendant, MICHELLE PRICE, having devised and intending to devise the scheme and artifice described in Paragraphs 1 through 7 above, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud and to obtain money and property by false and

fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit, electronic signals from a Del-One Federal Credit Union computer in Delaware to a Wells Fargo Bank computer in Nevada, as a result of the deposit of a $50,000 check from the PNC #7411 Account into the Del-One #2302 Account, in violation of 18 U.S.C. § 1343.

## COUNT TWO – MONEY LAUNDERING

10. Paragraphs 1-9 above are incorporated herein by reference.

11. On or about April 27, 2017, in the District of Delaware and the Eastern District of Pennsylvania, and elsewhere, the defendant, MICHELLE PRICE, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, to wit, a transfer of $48,453.03 via a personal check from the Del-One #2302 Account to D'Ambrosio Dodge North, Inc., such property having been derived from a specified unlawful activity in violation of 18 U.S.C. § 1343 as set forth in Count One of this Indictment, all in violation of 18 U.S.C. § 1957.

## NOTICE OF FORFEITURE REGARDING COUNT ONE

12. The allegations in Count One of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures.

13. Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), upon conviction of an offense under 18 U.S.C. § 1343, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following: a 2017 Jeep Wrangler, Vehicle Identification Number (VIN) 1C4BJWEG6HL511902.

14. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty; then,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), all pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

## NOTICE OF FORFEITURE REGARDING COUNT TWO

15. The allegations in Count Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures.

16. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1957, the defendant shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: a 2017 Jeep Wrangler, Vehicle Identification Number (VIN) 1C4BJWEG6HL511902.

14. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty; then,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), all pursuant to 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
Grand Jury Foreperson

DAVID C. WEISS
Acting United States Attorney

BY: _____
Jennifer L. Hall
Assistant United States Attorney

Dated: 10/25/17

FORM DBD-34
APRIL 91

No. _____

**UNITED   STATES   DISTRICT   COURT**

___ District _ of _Delaware___


**THE UNITED STATES OF AMERICA**

vs.

**MICHELLE PRICE**


**INDICTMENT**


**A true bill.**

_____

**Foreman**

Filed in open court this _____ day,

of _____ A.D. 2017 _____

_____

Clerk

Bail, $ _____

_____